**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THEODORE FEDEROFF, ET AL., individually and on behalf of all others similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | No. 4:21-CV-01903 |
| GEISINGER CLINIC, ET AL. | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Geisinger Clinic, Geisinger Medical Center, Geisinger Health Plan, Geisinger Lewistown Hospital, Geisinger Wyoming Valley Medical Center, Geisinger System Services, Geisinger Health System, Geisinger Bloomsburg Hospital, Geisinger Community Medical Center, Geisinger Pottsville Cancer Center, Geisinger Hazelton Cancer Center, Geisinger Mail Order Pharmacy, West Shore Advanced Life Support Services, Inc., and Geisinger System Financial Edits (hereinafter, collectively "Geisinger" or "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Fed.R.Civ.P. 56, and Local Rule 56.1, for an Order granting summary judgment in their favor and against Plaintiffs. In support of their Motion for Summary Judgment, Defendants aver as follows:

1. Given the factual findings and legal conclusions associated with Plaintiffs' Request for a Preliminary Injunction and the resulting November 23, 2021 Memorandum Opinion of this Honorable Court, Defendants believe that a Motion for Summary Judgment is appropriate at this time. Additionally, the Notes of Advisory Committee on the 2010 amendments to Fed.R.Civ.P. 56 provide the basis for the filing of a motion for summary judgment at the commencement of an action. This is especially apparent in this matter given there have been pretrial proceedings that included significant factual development as a result of Plaintiffs' Request for a Preliminary Injunction.

2. Additionally, if Defendants were to file a Motion to Dismiss, it would likely be converted to a Motion for Summary Judgment given the necessity of relying on the evidence attached to their Opposition to Plaintiffs' Preliminary Injunction. *See* Fed.R.Civ.P. 12(d).

3. The grounds illustrating the appropriateness of the relief sought by Defendants will be more fully set forth in Defendants' Brief in Support which will be filed, in accordance with Local Rule 7.5, within fourteen (14) days of this Motion, and all arguments contained therein are incorporated herein by reference.

## **STATEMENT OF FACTS**

4. Geisinger has concurrently filed a Statement of Undisputed Material Facts, and it incorporates the same herein.

## STATEMENT OF QUESTIONS INVOLVED

5. Whether Plaintiffs' claims of Religious Discrimination and Failure to Accommodate, at Counts I and III of the Second Amended Complaint, respectively, fail as a matter of law?

6. Whether Plaintiffs' Equal Protection claim, at Count II of the Second Amended Complaint, fails as a matter of law?

## LEGAL STANDARD

7. Defendants incorporate by reference the legal standards as set forth in their Brief in Support of this Motion for Summary Judgment.

## ARGUMENT

8. Plaintiffs are unable to meet their burden of establishing a *prima facie* case for Religious Discrimination or Failure to Accommodate Based on Religion as a matter of law – whether pursuant to Title VII of the 1964 Civil Rights Act ("Title VII") or the Pennsylvania Human Relations Act ("PHRA").

9. Geisinger engaged in the interactive process with Plaintiffs with respect their accommodation requests in accordance with Title VII and the PHRA.

10. Plaintiffs' belief that the regime of testing in lieu of vaccination is not a reasonable accommodation because vaccinated people should also be tested destroys their Title VII and PHRA claims of Religious Discrimination and Failure to Accommodate Based on Religion.

11. The record evidence further establishes that providing an exemption to testing presents an undue hardship to Geisinger as a matter of law in accordance with Title VII and the PHRA.

12. Plaintiffs have failed to exhaust their administrative remedies in accordance with Title VII and the PHRA.

13. With respect to Count II of Plaintiffs' Second Amended Complaint, Geisinger is not a state actor and, even if Geisinger was a state actor, Plaintiffs' Equal Protection claim fails as a matter of law – whether brought pursuant to the United States Constitution or the Pennsylvania Constitution[1].

## CONCLUSION

14. For the foregoing reasons, and for the reasons to be set forth in the Brief in Support filed by Defendants in accordance with Local Rule 7.5, this Honorable Court must dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice as a matter of law.

[1] Count I for "religious discrimination" initially cites Title VII, but then references Art. I. §3 of the Pennsylvania Constitution. If Plaintiffs are seeking a claim under the state constitution, the cause of action also fails for the same reasons that Plaintiffs' U.S. Constitutional claims fail.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/Anthony (T.J.) Andrisano*
Anthony (T.J.) Andrisano, Esq. (PA 201231)
Jared L. Pickell, Esq. (PA 316796)
Jacob J. Sulzer, Esq. (PA 313089)
409 North Second Street, Suite 500
Harrisburg, PA 17101
Telephone: (717) 237-4800
Fax: (717) 233-0852
e-mail: anthony.andrisano@bipc.com
e-mail: jared.pickell@bipc.com
e-mail: jacob.sulzer@bipc.com
*Attorneys for Defendants*

Date: December 3, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was served *via* ECF Filing on the following party:

Gregory A. Stapp, Esquire
Stapp Law, L.L.C.
153 West Fourth Street, Suite 6
Williamsport, PA 17701
gstapp@stapplaw.net

*/s Krista M. Kiger*
Krista M. Kiger
Paralegal

Dated: December 3, 2021