# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE FEDEROFF, ET AL., individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | No. 4:21-CV-01903 |
| GEISINGER CLINIC, ET AL. | : : | |
| Defendants. | : | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Defendants, Geisinger Clinic, Geisinger Medical Center, Geisinger Health Plan, Geisinger Lewistown Hospital, Geisinger Wyoming Valley Medical Center, Geisinger System Services, Geisinger Health System, Geisinger Bloomsburg Hospital, Geisinger Community Medical Center, Geisinger Pottsville Cancer Center, Geisinger Hazelton Cancer Center, Geisinger Mail Order Pharmacy, West Shore Advanced Life Support Services, Inc., and Geisinger System Financial Edits (hereinafter, collectively "Geisinger" or "Defendants"), by and through their attorneys, Buchanan Ingersoll & Rooney PC, hereby submit this Memorandum of Law in support of their Motion for Summary Judgment.

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ........................................... 4

III.  STANDARD OF REVIEW ............................................ 4

IV.  ARGUMENT ................................................................... 6

    A. Plaintiffs' Constitutional Claims Fail as a Matter of Law
       Because Geisinger is not a State Actor ....................... 6

        1. Geisinger is Not a State Actor as a Matter of Law ........... 7

        2. Geisinger's Actions Are Not Fairly Attributable to
           the State ............................................................ 7

        3. Any Attempt by Plaintiffs to Claim Government Aid or
           Regulation Transforms Geisinger into a State Actor
           Likewise Would Fail as a Matter of Law .......................... 8

    B. Plaintiffs Cannot Make out a *Prima Facie* Case for Their
       Title VII Religion-Based Claims as a Matter of Law ................. 10

        1. With Respect to Testing, Plaintiffs' Objections are not
           based on Sincerely Held Religious Beliefs; Therefore
           their Title VII Claims Fail as a Matter of Law ................ 11

        2. Plaintiffs' Belief that the Regime of Testing in lieu of
           Vaccination is Not a Reasonable Accommodation
           Because Vaccinated People Should Also be Tested
           Destroys their Claim .......................................... 12

    C. Geisinger Made Good-Faith Efforts to Reasonably
       Accommodate Plaintiffs ........................................ 13

    D. Providing an Exemption to Testing Presents an Undue Hardship
       to Geisinger as a Matter of Law ................................ 14

    E. Geisinger is Entitled to Summary Judgment on Plaintiffs'
       Title VII Claims Because Plaintiffs Have Failed to Exhaust
       Their Administrative Remedies .................................. 16

V.   CONCLUSION ............................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 4, 5

*Beckerich v. St. Elizabeth Medical Ctr.*, 2021 WL 4398027 (E.D. Ky. Sept. 24, 2021) ............... 9

*Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249 (3d Cir. 2010) ................................................ 5

*Blum v. Yaretsky*, 457 U.S. 991 (1982) .......................................................................................... 8

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) .......................... 7

*Broderick v. Associated Hosp. Serv. of Phila.*, 536 F.2d 1 (3d Cir. 1976) ................................... 9

*Brown v. Children's Hosp. of Phila.*, 794 Fed. Appx. 226 (3d Cir. 2020) ................................... 11

*Brown v. Philip Morris Inc.*, 250 F.3d 789 (3d Cir. 2001) ............................................................ 8

*Fallon v. Mercy Cath. Med. Ctr.,* 877 F.3d 487 (3d Cir. 2017).................................................... 10

*Fieni v. Franciscan Care Ctr.*, Civ. A. No. 09-5587, 2011 WL 4543996
    (E.D. Pa. Sept. 30, 2011) (citations omitted) ................................................................ 5

*Fort Bend Cty. v Davis*, 139 S. Ct. 1843 (2019) ......................................................................... 17

*Geerlings v. Tredyffrin/Easttown Sch. Dist.,* 2021 WL 4399672 (E.D. Pa. Sept. 27, 2021) ........ 11

*Hodge v. Paoli Mem'l Hosp.*, 576 F.2d 563 (3d Cir. 1978)........................................................... 8

*Johnson v. Pa. Dep't of Educ.*, 2020 WL 1435170 (ED Pa. Mar. 24, 2020) ............................... 17

*Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517 (3d Cir. 2004)....................................................... 5

*Lugar v. Edmonson Oil Co.,* 457 U.S. 922 (1982)......................................................................... 8

*Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921 (1974)............................................... 9

*Miller v. Port Auth. of N.Y. & N.J.*, 351 F. Supp. 3d 762 (D. N.J. 2018) .................................... 14

*Prof'l Ins. Agents Ass'n v. Chronister*, 155 Pa. Commw. 652, 625 A.2d 1314 (1993)
    (citations omitted) ........................................................................................................ 7

*Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2009 WL 1838337
    (E.D. Pa. June 25, 2009) ............................................................................................... 9

*Sidelinger v. Harbor Creek School District*, 2006 WL 3455073 (W.D. Pa. 2006) ..................... 13

*Stampone v. Freeman Decorating Co.*, 196 Fed. Appx. 123 (3d Cir. 2006) ............................... 17

*Webb v. City of Philadelphia*, 562 F.3d 256 (3d Cir. 2009) .................................................. 10, 14

**Statutes**

42 U.S.C. § 2000e-5(e) ........................................................................................... 20

Fed. R. Civ. P. 56(a) ................................................................................................ 7

Fed.R.Civ.P. 12(d) .................................................................................................. 9

Fed.R.Civ.P. 41(a)(1)(i) ........................................................................................... 8

*\*Unpublished opinions are attached hereto as Exhibit "A".*

## I.    INTRODUCTION

As part of its role on the forefront of the battle against COVID-19, Geisinger adopted a mandatory COVID-19 Vaccination Policy for its employees. The Policy was implemented, in part, due to recommendations by the CDC and the Pennsylvania Department of Health on vaccine safety and effectiveness. The Policy provides for exemptions to vaccination, including exemptions for medical or religious reasons. As research and the experience of Geisinger's physicians confirmed that unvaccinated individuals were the highest source of new infection and spread of COVID-19, Geisinger evaluated all possible accommodation options for those employees seeking medical or religious exemptions to the vaccine. Geisinger determined that the appropriate accommodation for those seeking exemptions would be to undergo periodic testing, which was determined to be the safest and least invasive approach to mitigating further spread, which aligns with EEOC guidance.

A plain reading of the Second Amended Complaint leads to one conclusion: despite Plaintiffs labeling their Title VII claims as based on "religion," Plaintiffs take issue with Geisinger's "testing in lieu of vaccination" policy not for religious reasons, but for medical, scientific and political reasons. This bait-and-switch comes woefully short of stating a claim for religious discrimination or failure to accommodate religious beliefs, where, at a minimum, Plaintiffs need to articulate

which religion(s) or religious tenet(s) conflict(s) with testing. Plaintiffs have completely failed to do so here.

Even more damaging to Plaintiffs' religious-based claims, Plaintiffs admit they would submit to COVID-19 testing, but only if vaccinated employees also had to be tested periodically. Plaintiffs have taken a position contrary to their alleged sincerely held beliefs, which completely undercuts their sincerity and destroys their claims as a matter of law. Analogous examples illustrate the absurdity of Plaintiffs' position. If an employee claimed he could not work on the Sabbath due to his religious beliefs, and then stated he would work on the Sabbath only if people who did not share his religious beliefs had to likewise work on the Sabbath, his sincerity would evaporate. If someone claimed to abstain from alcohol or pork due to her religious beliefs, but then advised that she would consume alcohol or pork if everyone else did, one would be within rights to question the sincerity of those religious beliefs. As this Honorable Court stated in its November 23, 2021 Memorandum Opinion on the Preliminary Injunction, "[i]f you are willing to be tested so long as the vaccinated are too, you are not religiously opposed to testing." Doc. 24 at Page 21.

Furthermore, whether it be simply allowing employees to work both unvaccinated and untested, or by extending the testing program by 23,000 to encapsulate vaccinated employees, what Plaintiffs propose in this case would pose

more than a de minimis cost on Geisinger, resulting in an undue hardship as a matter of law. Indeed, this Honorable Court has already addressed this issue in its Memorandum Opinion:

- "[I]t would be more than a de minimis cost for [Geisinger] to harbor employees that are both unvaccinated and untested." Doc. 24 at Page 22.

- "It would impose more than a de minimis burden on Geisinger to exempt these employees, who are far more likely to be a vector, from the testing requirement." *Id.* at Page 25.

- But, as a matter of law (not back of the envelope math) this "exemption"—which isn't an exemption because it would merely expand the objected to program by 23,000 individuals—would undoubtedly impose more than a de minimis cost on Geisinger. *Id.* at Page 26.

Plaintiffs cannot put forth any facts that would change the undue hardship analysis or otherwise create a genuine issue of material fact with respect to this issue.

Finally, Plaintiffs' constitutional claims fail because Geisinger is not a state actor as a matter of law. This Honorable Court has stated that Plaintiffs "do not have a bona fide constitutional claim," "Geisinger is not a state actor" and Geisinger "therefore cannot violate the [Plaintiffs'] rights under the Free Exercise and Equal Protection Clauses." Doc. 24 at Page 9.  Plaintiffs cannot put forth any facts that would change this analysis or otherwise create a genuine issue of material fact with respect to this issue.

For these reasons, and those set forth more fully below, summary judgment must be granted in favor of Geisinger and Plaintiffs' Complaint must be dismissed in its entirety with prejudice.

## II.   FACTUAL BACKGROUND

Geisinger incorporates in full the accompanying Statement of Undisputed Material Facts ("SUMF") (and all exhibits attached) as if set forth in full herein.[1] Defendants will cite to the factual record in this case by citing to "SUMF at ¶____."

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment must be granted where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is material when "its resolution 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Justofin v. Metro.*

---

[1] The facts set forth herein are in the light most favorable to Plaintiffs.  Should this case proceed past summary judgment at this stage, Defendants reserve the right to challenge any of the facts set forth herein.

*Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 248). However, "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).

While the Court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party, *Anderson* cautions that summary judgment is appropriate if the non-moving party provides merely "colorable, conclusory or speculative" evidence. *Anderson*, 477 U.S. at 249. Rather, Plaintiff, as the non-movant, must point to real and substantial evidence in support of his claims which is "capable of being admitted at trial" in order to avoid summary judgment. *Fieni v. Franciscan Care Ctr.*, Civ. A. No. 09-5587, 2011 WL 4543996, at *9 (E.D. Pa. Sept. 30, 2011) (citations omitted).

In the case, *sub judice*, Geisinger files the instant Motion for Summary Judgment in accordance with the Notes of Advisory Committee on the 2010 amendments to Fed.R.Civ.P. 56, which provide the basis for the filing of a motion for summary judgment at the commencement of an action.[2]  And, as no amount of

---

[2]  Additionally, in accordance with Rule 41, a plaintiff is provided with the opportunity to voluntarily dismiss a complaint before an answer or motion for summary judgment is filed. *See* Fed.R.Civ.P. 41(a)(1)(i). This arguably permits a plaintiff, after evidence is presented in accordance with Fed.R.Civ.P. 65(a)(2) and legal conclusions are made with respect to a preliminary injunction, to voluntarily dismiss a complaint and then refile a new complaint in another forum—potentially receiving a second bite at the apple. To avoid this potential, and with the

discovery could alter the legal conclusions already reached by this Honorable Court—in its November 23, 2021 Memorandum Opinion—Geisinger's instant Motion for Summary Judgment is ripe, appropriate[3], and must be granted as a matter of law. (Doc. 24.)

## IV.   ARGUMENT

### A. Plaintiffs' Constitutional Claims Fail as a Matter of Law Because Geisinger is not a State Actor.

Plaintiffs have not pled any facts or put forth any evidence to establish that Geisinger is a state actor, nor can they. *See* SUMF at ¶ 21. This is because Geisinger is not a state actor as a matter of law. This Honorable Court held as much in its November 23, 2021 Memorandum Opinion:

> …the [Plaintiffs] do not have a bona fide constitutional claim. Geisinger is not a state actor. They therefore cannot violate the [Plaintiffs'] rights under the Free Exercise and Equal Protection Clauses.

SUMF at ¶¶ 22-24.

---

understanding that no additional discovery could alter the legal conclusions already reached by this Honorable Court, Geisinger files the instant Motion for Summary Judgment.

[3] Additionally, if Geisinger filed a Motion to Dismiss, it would likely be converted to a Motion for Summary Judgment given the reliance on the evidence (*i.e.*, Declarations) previously attached to the Opposition to Plaintiffs' Preliminary Injunction. *See* Fed.R.Civ.P. 12(d).

### 1. Geisinger is Not a State Actor as a Matter of Law.

Plaintiffs' Fourteenth Amendment Equal Protection claim at Count II[4] cannot stand because Defendants are not state actors. A well-settled principle of constitutional law is that there exists "a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297 (2001). Simply put, Plaintiffs have not pled any facts or put forth any evidence to establish that Geisinger is a state actor and, accordingly, Plaintiffs' constitutional claim fails as a matter of law. *See* SUMF at ¶ 21.

### 2. Geisinger's Actions Are Not Fairly Attributable to the State.

Plaintiffs not only acknowledge, but actually aver that Geisinger acted independently "[w]ithout any official mandate from the federal or state government." Doc. 14, at ¶1. This destroys any potential attempt for Plaintiffs to claim that Geisinger's actions are "fairly attributable to the state."

---

[4] Plaintiffs' Complaint also appears to assert a claim under the state constitution. This cause of action also fails because Defendants are not state actors. The Pennsylvania Supreme Court held that "the Declaration of Rights [contained in Article I of Pennsylvania's Constitution] is a limitation on the power of state government" and does not pertain to actions of private entities. *Prof'l Ins. Agents Ass'n v. Chronister*, 155 Pa. Commw. 652, 660, 625 A.2d 1314, 1318 (1993) (citations omitted). This Honorable Court also addressed this issue, stating that the Pennsylvania State Constitution "'must be read as limiting the powers of *government* to interfere with the rights provided therein.'" Doc. 24 at 12 (internal citations omitted, emphasis in original).

The state action requirement is "to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The conduct of a private party is only "fairly attributable" to the state where: (1) the deprivation of a federal right is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982); *Brown v. Philip Morris Inc*., 250 F.3d 789, 801 (3d Cir. 2001). Here, Plaintiffs allege the converse of element one – rather than deprivation of a right caused by the exercise of a right or rule imposed by the state, Plaintiffs aver Geisinger acted independently "[w]ithout any official mandate from the federal or state government." Doc. 14, at ¶1. Additionally, under these circumstances, Geisinger may not fairly be said to be a state actor. Accordingly, Plaintiffs' constitutional claim fails as a matter of law.

### 3. Any Attempt by Plaintiffs to Claim Government Aid or Regulation Transforms Geisinger into a State Actor Likewise Would Fail as a Matter of Law.

In anticipation of an argument that government aid or regulation somehow transforms Geisinger into a state actor, there are numerous contrary holdings. *See Hodge v. Paoli Mem'l Hosp*., 576 F.2d 563 (3d Cir. 1978) (private hospital's receipt

of federal funds did not satisfy the §1983 state action requirement); *Blum*, at 1011–12 (1982) (nursing home was not a state actor even though 90% of residents received federal assistance); *Broderick v. Associated Hosp. Serv. of Phila.*, 536 F.2d 1 (3d Cir. 1976) (insurers were not state actors simply because the government regulates their industry); *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2009 WL 1838337, at *6 (E.D. Pa. June 25, 2009) ("[t]he fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors.").

In a recent case involving a hospital's vaccine mandate to its employees, a district court held "[p]laintiffs' attempts to turn [d]efendants into state actors, based on [p]laintiffs' counsel's statements during oral argument that a hospital can become a "quasi-state actor" by how much government funding it receives is unavailing. Not only is such a claim in direct conflict with controlling precedent, [*Manhattan Cmty. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1928 (1974)], [p]laintiffs have been unable to provide a case in support of that assertion." *Beckerich v. St. Elizabeth Medical Ctr.*, 2021 WL 4398027 (E.D. Ky. Sept. 24, 2021).

To that end, Plaintiffs' constitutional claim fails as a matter of law and Geisinger is entitled to summary judgment.

**B. Plaintiffs Cannot Make out a *Prima Facie* Case for Their Title VII Religion-Based Claims as a Matter of Law.**

While Plaintiffs label Count I as "Religious Discrimination," the language in Count I makes clear that it really is a discrimination claim under a failure to accommodate theory, essentially duplicative of Count III. *See* Doc. 14 at ¶¶ 160-171; 183-189. To establish a *prima facie* case of failure to accommodate their religious beliefs, Plaintiffs must show they: (1) held a sincere religious belief that conflicted with a job requirement; (2) informed their employers of the conflict; and (3) suffered an adverse employment action for failing to comply with the conflicting requirement. *Fallon v. Mercy Cath. Med. Ctr.,* 877 F.3d 487, 490 (3d Cir. 2017).[5] As stated in more detail below, Plaintiffs cannot establish a *prima facie* case.

If Plaintiffs can establish a *prima facie* case, the burden shifts to Geisinger "to show either [they] made a good-faith effort to reasonably accommodate the religious belief, or such an accommodation would work an undue hardship upon the employer and its business." *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009). As set forth below, Geisinger has met its burden as a matter of law.

---

[5] Count I cites the Pennsylvania Human Relations Act. To the extent Plaintiffs have brought a parallel state law claim, the analysis is the same as the Title VII analysis here. *See* Doc. 24 at Pages 26-29.

1. **With Respect to Testing, Plaintiffs' Objections are not based on Sincerely Held Religious Beliefs; Therefore their Title VII Claims Fail as a Matter of Law.**

To state a claim for violation of Title VII here, it is insufficient for Plaintiffs to merely hold a sincere opposition to COVID-19 testing; rather, the individuals must show that the opposition is a **religious** belief. *See Brown v. Children's Hosp. of Phila.*, 794 Fed. Appx. 226, 227 (3d Cir. 2020) ("[i]n assessing whether beliefs are religious, we consider whether they address fundamental and ultimate questions having to do with deep and imponderable matters, are comprehensive in nature, and are accompanied by certain formal and external signs.") (internal quotations omitted).

Here, Plaintiffs do not even articulate which religion(s) or religious tenet(s) conflict(s) with COVID-19 testing under Geisinger's policies. *See* SUMF at ¶ 26. This failure to articulate a cognizable religious belief is enough to defeat their claims; however, Plaintiffs go further in destroying their claims by setting forth only medical, scientific and political objections to testing. *See id.* at ¶ 27. The bulk of Plaintiffs' allegations attack the efficacy of testing under the heading "PCR tests are not effective in detecting the SARS-COV-2 Virus." *See id.* at ¶ 28.

Vague inferences that perceived medical harm somehow violates religious practices are insufficient. *See Geerlings v. Tredyffrin/Easttown Sch. Dist.,* 2021 WL 4399672 at *20-21, (E.D. Pa. Sept. 27, 2021) (denying injunction filed by parents

who opposed mask mandate and noting concern that a treatment may do more harm than good is a medical belief, not a religious one and that "it would be a step too far to count everything [a plaintiff] believes about heathy living as a religious practice".)

For these reasons, Plaintiffs cannot meet their burden to show they have sincerely held religious beliefs with respect to testing and, therefore, cannot establish a *prima facie* case for their Title VII claims. Accordingly, summary judgment must be granted to Geisinger.

### 2. Plaintiffs' Belief that the Regime of Testing in lieu of Vaccination is Not a Reasonable Accommodation Because Vaccinated People Should Also be Tested Destroys their Claim.

As the Court has stated, "[i]f you are willing to be tested so long as the vaccinated are too, you are not religiously opposed to testing." Doc. 24 at Page 21. A plain reading of Plaintiffs' Second Amended Complaint illustrates that they are willing to be tested so long as the vaccinated are too. Plaintiffs allege in the Second Amended Complaint that "[s]ubmission to a PCR Test of Antigen Test twice a week is not a reasonable accommodation as it is only required of the individuals that requested a religious exemption to the EUA approved only vaccine. If the Defendants wish to protect their employees, patients, and visitors from possible COVID-19 infection they should require that both vaccinated and unvaccinated employees submit to a PCR or Antigen test twice weekly." SUMF at ¶ 32. Plaintiffs further allege "the Defendants actions in requiring only the unvaccinated employees

that requested a religious exemption to the EUA approved only vaccines to submit to PCR or Antigen Tests twice weekly is not a reasonable accommodation." *Id.* at ¶ 33.

In agreeing to be tested if vaccinated employees are also tested, Plaintiffs have taken a position contrary to their alleged sincerely held belief, which completely undercuts their sincerity and destroys their claims as a matter of law.  *See Sidelinger v. Harbor Creek School District*, 2006 WL 3455073 at *12-*15 (W.D. Pa. 2006) (finding that the plaintiff's testimony regarding his alleged sincerely held religious belief was not credible based, in part, on the plaintiff's assertion that his religious beliefs prevented him from wearing a school employee identification badge with his photo on it but admitting to posting two ads containing his photo on the Internet for dating services).  For this reason, Geisinger is entitled to summary judgment on Plaintiffs' Title VII claims.

### C. Geisinger Made Good-Faith Efforts to Reasonably Accommodate Plaintiffs.

As a preliminary matter, Geisinger accommodated Plaintiffs by granting religious exemptions to its Mandatory Vaccine Policy, which Plaintiffs alleged in their Second Amended Complaint. *See* SUMF at ¶ 25. The Policy allows for exemptions for both medical and religious reasons. *See id.* at ¶ 10. Employees seeking such exemptions submitted a form and any applicable supportive

documentation. *See id.* at ¶ 11. Geisinger then engaged in an individualized interactive process with each employee. *See id.*, at ¶21.

Geisinger engaged in a robust evaluation of accommodation options as well as an interactive process with Plaintiffs and other employees on an individualized basis in accordance with the requirements under Title VII and the EEOC. *See id.* at ¶¶ 4-20; 31 (Core Vaccine Exemption Team specifically developed to individually assess each exemption request (for vaccine or testing) and to interact with each employee to tailor potential accommodation(s)); (extensive review of testing options by multidisciplinary Diagnostic Medicine Team)). Accordingly, it is indisputable that, with respect to both the mandatory vaccine and testing, Geisinger made good faith efforts to reasonably accommodate Plaintiffs.

### D. Providing an Exemption to Testing Presents an Undue Hardship to Geisinger as a Matter of Law.

Permitting exemptions from testing would pose an undue hardship on Geisinger as a matter of law. The threshold of undue hardship is not high – an accommodation constitutes an "undue hardship" if it would pose more than a de minimis burden on the employer. *Webb,* 562 F.3d at 259-260.   In addition, "employers must be given leeway to plan their business operations and possible accommodative options in advance, relying on an accommodation's predictable consequences along the way." *Miller v. Port Auth. of N.Y. & N.J.*, 351 F. Supp. 3d 762, 789 (D. N.J. 2018).  Such leeway for business planning is all the more critical

for Geisinger – a frontline hospital system trying to navigate the COVID-19 pandemic.

Geisinger determined that, short of vaccination, the safest and least invasive approach to mitigating further spread was period testing; Geisinger further determined that the appropriate accommodation for those seeking exemptions from vaccination would be to undergo periodic testing, which aligns with EEOC guidance. *See* SUMF at ¶¶ 14-16; 35-36. Research further proved that failure to test unvaccinated individuals risks increased infection rates and permitted the highest source of infections – unvaccinated individuals – to go on unabated. *See id.* at ¶ 37. Moreover, Geisinger faced a staffing issue related to COVID-19 that threatened workplace safety and Geisinger's ability to provide quality care during a health crisis. *See id.* at ¶ 38. Finally, reported results from testing have been significantly effective in identifying COVID-19 infection and likely preventing the spread of such infection. *See id.* at ¶ 39. According to this Honorable Court, "it's entirely rational for Geisinger to have chosen to test employees whose risk of being a vector they cannot reduce through vaccination." SUMF at ¶ 40.

Further, this Honorable Court has already ruled, as a matter of law, that providing an exemption to testing would result in an undue hardship on Geisinger:

- "[I]t would be more than a de minimis cost for [Geisinger] to harbor employees that are both unvaccinated and untested." SUMF at ¶ 41.

- "It would impose more than a de minimis burden on Geisinger to exempt these employees, who are far more likely to be a vector, from the testing requirement." SUMF at ¶ 42.

- But, as a matter of law (not back of the envelope math) this "exemption"—which isn't an exemption because it would merely expand the objected to program by 23,000 individuals—would undoubtedly impose more than a de minimis cost on Geisinger. SUMF at ¶ 43.

Other than either not being tested, or requiring both unvaccinated and vaccinated people to be tested, Plaintiffs have not articulated any other accommodation(s) they claim to have requested. *See* SUMF at ¶ 34. For these reasons, providing an exemption to testing would impose more than a de minimis cost on Geisinger, resulting in undue hardship and requiring this Court to grant summary judgment to Geisinger on Plaintiffs' Title VII claims.

### E. Geisinger is Entitled to Summary Judgment on Plaintiffs' Title VII Claims Because Plaintiffs Have Failed to Exhaust Their Administrative Remedies.

Plaintiffs' Title VII claims should be dismissed in its entirety, with prejudice, as a matter of law on the merits because there is no genuine dispute as to any material fact – Plaintiffs cannot establish a *prima facie* case and providing an exemption to testing would cause an undue hardship on Geisinger.

In the alternative, Plaintiffs' Title VII claims should be dismissed because they failed to exhaust their administrative remedies. Under Title VII, Plaintiffs are required to exhaust administrative remedies before proceeding in federal court by

timely filing a discrimination charge with the EEOC and obtaining a Right to Sue Letter. *See* 42 U.S.C. § 2000e-5(e); *Stampone v. Freeman Decorating Co*., 196 Fed. Appx. 123, 125 (3d Cir. 2006). The exhaustion requirement under Title VII is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). The "mandatory" nature of the exhaustion requirement is "such that a court is required to enforce if…it is raised properly." *Johnson v. Pa. Dep't of Educ*., 2020 WL 1435170, *5 at Fn 5 (ED Pa. Mar. 24, 2020).

In their Second Amended Complaint, Plaintiffs state in their "prayer for relief" that they have not yet filed with the EEOC, let alone received right to sue notices. *See* SUMF at ¶ 44. At the proceeding on the preliminary injunction, "counsel for the [Plaintiffs] indicated that he was not aware of any [Plaintiffs] having filed with the EEOC or state commission, to say nothing of those employees having received a right to sue letter." *Id.* at ¶ 45. To date, Geisinger is not aware of any of the Plaintiffs filing in the EEOC or the PHRC. *Id.* at ¶ 45. For these reasons, Defendants are entitled to summary judgment on Plaintiffs' Title VII claims because Plaintiffs failed to exhaust administrative remedies.

## V.    CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment, dismissing Plaintiffs' Complaint in its entirety with prejudice.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/Anthony (T.J.) Andrisano*
  Anthony (T.J.) Andrisano, Esq. (PA 201231)
  Jared L. Pickell, Esq. (PA 316796)
  Jacob J. Sulzer, Esq. (PA 313089)
  409 North Second Street, Suite 500
  Harrisburg, PA  17101
  Telephone: (717) 237-4800
  Fax: (717) 233-0852
  e-mail:  anthony.andrisano@bipc.com
  e-mail:  jared.pickell@bipc.com
  e-mail:  jacob.sulzer@bipc.com
  *Attorneys for Defendants*

Date:  December 17, 2021

## CERTIFICATE OF COMPLIANCE
## <u>IN ACCORDANCE WITH LOCAL RULE 7.8(b)(2)</u>

It is hereby certified that Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment contains 4,206 words (exclusive of tables of contents and authorities, signatures, and this certificate), according to the word processing system used to prepare it, and that the brief therefore complies with the Local Rule.

<u>/s/Anthony (T.J.) Andrisano</u>

19

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was served *via* ECF Filing on the following party:

Gregory A. Stapp, Esquire
Stapp Law, L.L.C.
153 West Fourth Street, Suite 6
Williamsport, PA 17701
gstapp@stapplaw.net


*/s Krista M. Kiger*
Krista M. Kiger
Paralegal


Dated:  December 17, 2021