## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE FEDEROFF, ET AL.,          :
individually and on behalf of all others   :
similarly situated,                 :
                                    :
        Plaintiffs,          :
                                    :
   v.                            :   No. 4:21-CV-01903
                                    :
GEISINGER CLINIC, ET AL.            :
                                    :
        Defendants.          :

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, Geisinger Clinic, Geisinger Medical Center, Geisinger Health Plan, Geisinger Lewistown Hospital, Geisinger Wyoming Valley Medical Center, Geisinger System Services, Geisinger Health System, Geisinger Bloomsburg Hospital, Geisinger Community Medical Center, Geisinger Pottsville Cancer Center, Geisinger Hazelton Cancer Center, Geisinger Mail Order Pharmacy, West Shore Advanced Life Support Services, Inc., and Geisinger System Financial Edits (hereinafter, collectively "Geisinger" or "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' Second Amended Complaint (Doc. 14). The numbered Paragraphs below correspond to the like-numbered Paragraphs of the Complaint.  Unless specifically admitted herein, each factual

allegation in the Complaint is hereby denied. Geisinger uses Plaintiffs' headings only for organizational purposes.

## I.    SUMMARY OF THE ACTION

1.      Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

## II.   JURISDICTION AND VENUE

2.      Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

3.      Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

4.      Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

5.      Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

## III.   THE PARTIES

6–111. Defendants admit, upon information and belief, that Plaintiffs named in Paragraphs 6-111 were employed by one of the Geisinger entities during all times relevant.

112.   Denied as stated.  Geisinger Clinic is a nonprofit corporation which operates a multi-specialty group medical practice, maintaining a place of business in Danville, Pennsylvania.

113.   Denied as stated.   Geisinger Medical Center is a nonprofit corporation, maintaining a place of business in Danville, Pennsylvania.

114.   Denied as stated.  Geisinger Health Plan is a nonprofit corporation, maintaining a place of business in Danville, Pennsylvania.

115.   Denied as stated.   Geisinger Lewistown Hospital is a nonprofit corporation, maintaining a place of business in Lewistown, Pennsylvania.

116.   Denied as stated.  Geisinger Wyoming Valley Medical Center is a nonprofit corporation, maintaining a place of business in Wilkes Barre, Pennsylvania.

117.   Denied as stated.  Geisinger System Services is a nonprofit support service corporation, maintaining a place of business in Danville, Pennsylvania.

118.   Denied.

119.   Denied as stated.   Geisinger Bloomsburg Hospital is a nonprofit corporation, maintaining a place of business in Bloomsburg, Pennsylvania.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied as stated.  West Shore Advanced Life Support Services, Inc., is a nonprofit corporation which provides ambulance and medical transport services across central Pennsylvania.

125.   Denied.

## IV.   FACT ALLEGATIONS

126.   Denied as stated. By way of further answer, in August 2021, Geisinger adopted a mandatory COVID-19 Vaccination Policy ("the Policy"). Under the Policy, employees were required to submit an exemption request form and any supportive documentation to Geisinger's Vaccine Exemption Team no later than September 10, 2021.

127.   Denied as stated. By way of further answer, Geisinger engaged in an individualized interactive process with each employee, including Plaintiffs, who submitted religious exemption requests. After engaging in the interactive process, Geisinger granted numerous religious exemption requests to the Policy, including

those of Plaintiffs. Geisinger provided these individuals with the reasonable accommodation of periodic testing in lieu of vaccination.

128.   Denied as stated. By way of further answer, Geisinger engaged in an individualized interactive process with each employee, including Plaintiffs, who submitted religious exemption requests. After engaging in the interactive process, Geisinger granted numerous religious exemption requests to the Policy, including those of Plaintiffs. Geisinger provided these individuals with the reasonable accommodation of periodic testing in lieu of vaccination.

129.   Denied.

130.   Denied as stated. By way of further answer, with regard to the reasonable accommodation of testing in lieu of vaccination, Geisinger's Diagnostic Medicine Team ("DMT") evaluated and assessed all possible options for safely and accurately testing Geisinger employees. Geisinger adopted the DMT's recommendations to utilize the Cue COVID-19 test and the Quidel Quick View Test for its employees. The referenced exhibits are writings which speak for themselves and Geisinger denies any and all characterizations made by Plaintiff.

131.   Admitted in part, denied in part. It is admitted that the Quidel Quick View test and the Cue Health, Inc. test were approved by the FDA under an Emergency Use Authorization. The characterization of these tests themselves "stating" anything is denied.

132.   Denied. The averments in this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.  Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

133.   Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff.  The averments of this Paragraph are denied on this basis.

134.   Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff.  The averments of this Paragraph are denied on this basis.

135.   Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff.  The averments of this Paragraph are denied on this basis.

136.   Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff.  The averments of this Paragraph are denied on this

basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

137. Denied. This Paragraph refers to an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

138. Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

139. Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis. Under Rule 12(f), the allegations in this paragraph are immaterial and

impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

140.   Denied. This Paragraph refers to and quotes an exhibit, which is a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff.  The averments of this Paragraph are denied on this basis.  Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

141.   Denied. This Paragraph refers to a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis.

142.   Denied. This Paragraph refers to a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis.

143.   Denied. This Paragraph refers to a writing that speaks for itself and Geisinger denies any and all characterizations of this writing made by Plaintiff. The averments of this Paragraph are denied on this basis.

## A. PCR Tests Are Not Effective in Detecting the SARS-COV-2 Virus

144.   Denied. This Paragraph refers to and quotes multiple writings that speak for themselves and Geisinger denies any and all characterizations of these

writings made by Plaintiff. The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

145. Denied. This Paragraph refers to and quotes multiple writings that speak for themselves and Geisinger denies any and all characterizations of these writings made by Plaintiff. The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

146. Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff. The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil

Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

147.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.  The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

148.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.  The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further

denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

149.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.   The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

150.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.   The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the

allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

151.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.   The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

152.   Admitted in part, denied in part. It is admitted only that some of the Plaintiffs requested an exemption from the reasonable accommodation of testing in lieu of vaccination, after Geisinger granted these individuals' vaccine exemption requests. The remaining allegations of this Paragraph are denied, and it specifically denied that Plaintiffs have "sincerely held religious beliefs" with respect to COVID-19 testing. By way of further answer, in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court called into question Plaintiffs' alleged sincerely held religious beliefs against COVID-19

testing, stating "[i]f you are willing to be tested so long as the vaccinated are too, you are not religiously opposed to testing." Doc. 24 at Page 21.

153.   Denied as stated. By way of further answer, Geisinger determined that providing an exemption to testing would pose an undue hardship. In its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held Geisinger met its burden in establishing that providing exemptions to testing would result in an undue burden on Geisinger as a matter of law.

154.   Denied.

155.   Denied.

156.   Denied as stated. By way of further answer, starting the week of November 8, 2021, any employee granted a vaccine exemption with the reasonable accommodation of testing was required to utilize a COVID-19 test and report the result to Geisinger Employee Health.

157.   Denied.

158.   Denied. By way of further answer, to date, Geisinger is not aware of any of the Plaintiffs having filed with the PHRC or EEOC. Accordingly, all Plaintiffs have failed to exhaust their administrative remedies.

159.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required. To the extent a response is deemed requirements, the averments of this Paragraph are denied.

## COUNT I – Religious Discrimination

160.   The answers to Paragraphs 1 through 159 are incorporated herein by reference as though set forth in their entirety.

161.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

162.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

163.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

164.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

165.   Admitted in part, denied in part. It is admitted only that some of the Plaintiffs requested an exemption from the reasonable accommodation of testing in

lieu of vaccination, after Geisinger granted these individuals' vaccine exemption requests. The remaining allegations of this Paragraph are denied, and it specifically denied that Plaintiffs have "sincerely held religious beliefs" with respect to COVID-19 testing. By way of further answer, in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court called into question Plaintiffs' alleged sincerely held religious beliefs against COVID-19 testing, stating "[i]f you are willing to be tested so long as the vaccinated are too, you are not religiously opposed to testing." Doc. 24 at Page 21.

166.   It is admitted only that some of the Plaintiffs submitted requests for an exemption to COVID-19 testing via email. The remaining allegations of this Paragraph are denied.

167.  Denied. By way of further answer, Geisinger determined that providing an exemption to testing would pose an undue hardship. In its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held Geisinger met its burden in establishing that providing exemptions to testing would result in an undue burden on Geisinger as a matter of law.

168.  Denied. By way of further answer, Geisinger determined that providing an exemption to testing would pose an undue hardship. In its Memorandum Opinion denying Plaintiffs' request for a preliminary

injunction/TRO, the Court held Geisinger met its burden in establishing that providing exemptions to testing would result in an undue burden on Geisinger as a matter of law.

169. Denied.

170. Denied.

171. Denied.

### COUNT II – Violation of the Equal Protection Clause

172. The answers to Paragraphs 1 through 171 are incorporated herein by reference as though set forth in their entirety.

173. Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments of this Paragraph are denied.

174. Denied. By way of further answer, in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held that "[a]s pled, the Employees' constitutional claims have zero chance of success on the merits." Doc. 24 at Page 13. The Court also held as a matter of law: ". . . the [Plaintiffs] do not have a bona fide constitutional claim. Geisinger is not a state actor. They therefore cannot violate the [Plaintiffs'] rights under the Free Exercise and Equal Protection Clauses." Doc. 24 at Page 9.

175. Denied.

176.   Denied. This Paragraph refers to a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff. The averments of this Paragraph are denied on this basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

177.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.  The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

178.   Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff.  The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further

denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

179. Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff. The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

180. Denied. This Paragraph refers to and quotes a writing that speaks for itself and Geisinger denies any and all characterizations of these writings made by Plaintiff. The averments of this Paragraph are denied on this basis. By way of further answer, the allegations in this Paragraph violate Federal Rule of Civil Procedure Rule 10(b)'s requirement that each numbered paragraph in a complaint be limited "as far as practicable to a single set of circumstances." Geisinger further denies the allegations in this Paragraph on that basis. Under Rule 12(f), the

allegations in this paragraph are immaterial and impertinent to Plaintiffs' religious discrimination, failure to accommodate, and equal protection claims.

181.   Admitted in part, denied in part. It is admitted that Plaintiffs appear willing to submit to COVID-19 testing provided that vaccinated employees also submit to COVID-19 testing. The remaining allegations of this Paragraph are denied. By way of further answer, Geisinger determined that providing an exemption to testing would pose an undue hardship. In its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held Geisinger met its burden in establishing that providing exemptions to testing would result in an undue burden on Geisinger as a matter of law.

182.   Denied. By way of further answer, in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held that "[a]s pled, the Employees' constitutional claims have zero chance of success on the merits." Doc. 24 at Page 13. The Court also held as a matter of law: ". . . the [Plaintiffs] do not have a bona fide constitutional claim. Geisinger is not a state actor. They therefore cannot violate the [Plaintiffs'] rights under the Free Exercise and Equal Protection Clauses." Doc. 24 at Page 9.

## <u>COUNT III – Failure to Provide Reasonable Accommodation</u>

183.   The answers to Paragraphs 1 through 182 are incorporated herein by reference as though set forth in their entirety.

184.   Denied. The averments of this Paragraph are legal conclusions to which no responsive pleading is required.   To the extent a response is deemed required, the averments of this Paragraph are denied.

185.   Denied as stated. By way of further answer, Geisinger granted numerous religious exemption requests to the Policy, including those of Plaintiffs. Geisinger provided these individuals with the reasonable accommodation of periodic testing in lieu of vaccination.

186.   Denied as stated. By way of further answer, Geisinger granted numerous religious exemption requests to the Policy, including those of Plaintiffs. Geisinger provided these individuals with the reasonable accommodation of periodic testing in lieu of vaccination.

187.   Denied. By way of further answer, in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court called into question Plaintiffs' alleged sincerely held religious beliefs against COVID-19 testing, stating "[i]f you are willing to be tested so long as the vaccinated are too, you are not religiously opposed to testing." Doc. 24 at Page 21. Furthermore, Geisinger determined that providing an exemption to testing would pose an undue hardship. In its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction/TRO, the Court held Geisinger met its burden in establishing that

providing exemptions to testing would result in an undue burden on Geisinger as a matter of law.

188.   Denied.

189.   Denied.   The averments of this Paragraph are legal conclusions to which no responsive pleading is required.   To the extent a response is deemed requirements, the averments of this Paragraph are denied.

## PRAYER FOR RELIEF

Geisinger denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief. The Court has already ruled on the merits of these claims and denied all relief to Plaintiffs.

WHEREFORE, Geisinger respectfully requests judgment in its favor and against Plaintiffs, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## <u>AFFIRMATIVFE DEFENSES</u>

## <u>FIRST DEFENSE</u>

Plaintiffs have failed to state a claim upon which relief may be granted.

## <u>SECOND DEFENSE</u>

The Complaint failed to articulate a *prima facie* case of discrimination and/or any other cause of action.

## THIRD DEFENSE

The Plaintiffs and/or members of the putative class do not have a sincerely held religious belief as required under Title VII of the Civil Rights Act (Title VII), the Pennsylvania Human Rights Act (PHRA), or any other applicable statute.

## FOURTH DEFENSE

The Plaintiffs and/or members of the putative class did not disclose their religious beliefs to the Defendants and/or the Defendants did not have constructive knowledge of their religious beliefs.

## FIFTH DEFENSE

The Plaintiffs and/or members of the putative class did not request a reasonable accommodation as required under Title VII of the Civil Rights Act (Title VII), the Pennsylvania Human Rights Act (PHRA), or any other applicable statute.

## SIXTH DEFENSE

To the extent any Plaintiff or any member of the putative class requested an accommodation on religious grounds, the accommodation presented an undue hardship to the Defendants.

## SEVENTH DEFENSE

All actions taken by Defendants relative to Plaintiffs were based on legitimate, non-discriminatory/non-retaliatory legal factors.

## EIGHTH DEFENSE

Plaintiffs and/or members of the putative class cannot establish that the legitimate business reasons offered by Defendants are pretext for discrimination.

## NINTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class may be barred in whole or in part by the after acquired evidence doctrine.

## TENTH DEFENSE

To the extent Plaintiffs and/or members of the putative class failed to timely seek and /or exhaust administrative remedies, this Honorable Court does not have subject matter jurisdiction over this matter.

## ELEVENTH DEFENSE

Plaintiffs' Complaint fails to set forth any cause of action against Defendants upon which damages and his respective prayers for relief may be rewarded.

## TWELFTH DEFENSE

Defendants' actions were made, in whole or in part, in accordance with a good faith reliance upon guidance issued by the Equal Employment Opportunity Commission and/or other government authorities.

## THIRTEENTH DEFENSE

Defendants maintain policies against discrimination, harassment and/or retaliation and a reasonable and available procedure for handling complaints

thereof which provide prompt and effective responsive action. Defendants have exercised reasonable care to prevent and correct promptly any unlawful discriminatory, harassing, and/or retaliatory behavior. To the extent Plaintiffs failed to exercise reasonable care in avoiding the alleged harm under the Defendants' anti-discrimination, anti-harassment, and anti-retaliation policies and procedures by minimizing or otherwise availing themselves of these policies and procedures, Plaintiffs' claims of alleged harassment, discrimination are barred.

## FOURTEENTH DEFENSE

Plaintiffs and/or members of the putative class have failed to mitigate their damages, if any, and Defendants are entitled to an offset for all amounts which Plaintiffs have earned or, in the exercise of reasonable diligence, should have earned.

## FIFTEENTH DEFENSE

Defendants are not state actors under the Constitution of the United States and/or Constitution of Pennsylvania.

## SIXTEENTH DEFENSE

Plaintiffs acknowledge that Defendants acted independent of the government.

**SEVENTEENTH DEFENSE**

Plaintiffs and/or members of the putative class were not subjected to unequal treatment.

**EIGHTEENTH DEFENSE**

Defendants did not act with a discriminatory purpose or motive.

**NINETEENTH DEFENSE**

Plaintiffs' claims and/or the claims of the members of the putative class are barred, in whole or in part, to the extent that Plaintiffs lack standing to raise some or all of the claims on behalf of any member of any putative class.

**TWENTIETH DEFENSE**

A class action is not a superior method for handling the claims of Plaintiffs and the member of any putative classes and thus this action is not properly brought as a class action.

**TWENTY-FIRST DEFENSE**

The size of any putative class is not so numerous that joinder is impractical.

**TWENTY-SECOND DEFENSE**

Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive or other damages.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel, and/or unclean hands.

WHEREFORE, having fully answered the Complaint, Defendants pray for judgment on the Complaint as follows:

1. That certification of the putative classes be denied and Plaintiffs and the members of the putative classes and collective take nothing by reason of their Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiffs and the members of the putative classes be denied any relief whatsoever against Defendants;

4. That Defendants recover their costs, disbursements, and reasonable attorneys' fees in this action; and

5. For such other relief as the Court may deem just and proper.

**[SIGNATURE PAGE FOLLOWS]**

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: */s/Anthony (T.J.) Andrisano*
    Anthony (T.J.) Andrisano, Esq. (PA 201231)
    Jared L. Pickell, Esq. (PA 316796)
    Jacob J. Sulzer, Esq. (PA 313089)
    409 North Second Street, Suite 500
    Harrisburg, PA  17101
    Telephone: (717) 237-4800
    Fax: (717) 233-0852
    e-mail:  anthony.andrisano@bipc.com
    e-mail:  jared.pickell@bipc.com
    e-mail:  jacob.sulzer@bipc.com
    *Attorneys for Defendants*

Date:  January 7, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was served *via* ECF Filing on the following party:

Gregory A. Stapp, Esquire
Stapp Law, L.L.C.
153 West Fourth Street, Suite 6
Williamsport, PA 17701
gstapp@stapplaw.net


*/s Krista M. Kiger*
Krista M. Kiger
Paralegal


Dated:  January 7, 2022