## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE FEDEROFF, ET AL.,** **individually and on behalf of all others** **similarly situated,** | : : : : | **Civil Case No. 4:21-01903-MWB** |
| **PLAINTIFFS,** | : : | |
| **v.** | : : | |
| **GEISINGER CLINIC, ET AL.,** | : : | |
| **DEFENDANTS.** | : : | |

## PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS

Plaintiffs Theodore Federoff, et al. (collectively, "Plaintiffs"), by and through their undersigned counsel, Gregory A. Stapp, Esquire, hereby submit this Statement of Disputed Material Facts in support of their opposition to the Defendants' Motion for Summary Judgment.

### I.  Procedural History

1.  Plaintiffs agree that their Complaint for Injunctive Relief includes three counts which are:

  i.   Count I – Religious Discrimination

  ii.  Count II – Violation of the Equal Protection Clause

  iii. Count III – Failure to Provide Reasonable Accommodation

## II.    Geisinger's COVID-19 Vaccination Policy Does Not Comply with Title VII of the Civil Rights Act of 1964

2.    The Plaintiffs do not agree that the Geisinger policy was implemented, in part, due to recommendations by the Centers for Disease Control and Prevention, and the Pennsylvania Department of Health on vaccine safety and effectiveness. Plaintiffs believe, and therefore aver, that discovery will reveal the actual reasons for Geisinger and its affiliates' motivations to implement a vaccine mandate in August of 2021 prior to the issuance of any Executive Order by President Joseph Biden and/or guidance from OSHA or CMS mandating vaccinations.

3.    Plaintiffs do not agree that Geisinger adopted the policy, in part, due to the concern for thousands of patients they treat each day, many of whom are immunocompromised, susceptible, and at higher risk for severe complications from COVID-19 infection. Plaintiffs believe, and therefore aver, there were other motivations for Geisinger to implement the policy in August 2021. Plaintiffs will provide medical expert testimony and reports at trial in this matter to establish that individuals who are vaccinated are just as likely to spread COVID-19, if not more so, than unvaccinated individuals. Plaintiffs believe, and therefore aver, that discovery will reveal that Geisinger and its affiliates also knew, or reasonably should have known, that vaccinated individuals were just as likely to spread COVID-19 at the time that the policy was implemented or shortly thereafter. Plaintiffs believe, and therefore aver, that Geisinger was merely requiring the testing twice weekly of

individuals who requested religious accommodations as a punishment for failing to follow their directive to receive one of the EUA approved only vaccines.

4.     There is a genuine dispute of material facts with regards to the benefits of vaccinated healthcare workers against COVID-19.  Plaintiffs will provide medical expert testimony at the time of trial and throughout the litigation of this case to indicate that vaccinating healthcare workers against COVID-19 does not demonstrate that there is a correlation with vaccination and decreasing rates of infection among healthcare personnel.  This issue will be litigated amongst the medical experts for both parties in this case at the time of trial in this matter.

5.     Plaintiffs dispute the fact that research and the experience of Geisinger physicians confirm that unvaccinated individuals were the highest source of new infection and spread of COVID-19.  Plaintiffs believe, and therefore aver, that discovery will show that the infections among patients admitted to Geisinger Medical Center and its affiliates in the year 2021 were actually both vaccinated and unvaccinated people.  Plaintiffs should be given the right to perform this discovery which will take  a period of months to determine the number of patients that were admitted to Geisinger facilities and its affiliates and to determine their vaccination status.  This will also require the obtaining of medical records of thousands of individuals.

6.     Plaintiffs dispute the fact that it was determined that, short of vaccination, the safest and least invasive approach to mitigating further shorter spread is periodic testing.  The CDC released a statement on its website on July 21, 2021 stating that they would be withdrawing their recommendation and support for PCR tests to determine individuals suffering from SARS-CoV-2 and/or COVID-19 infections.  Plaintiffs believe, and therefore aver, that the Defendants were aware of this posting by the CDC indicating that the PCR tests were not effective by themselves in determining whether there was a COVID-19 infection in individuals and in spite of the CDC's posting they chose to move forward with the requirement to test twice weekly with tests that include ethylene oxide, a carcinogen.

7.     Plaintiffs dispute the material fact that there was an interactive process between Geisinger and its affiliates and the Plaintiffs with regards to the objections raised by the Plaintiffs.  Plaintiffs are not aware of any interactive process, other than receiving email directives from the Defendants in response to their religious exemption requests.

**III.   No Discovery Has Been Obtained to Determine Whether a Sufficient Nexus Exists to Establish That Geisinger is a State Actor for Purposes of Plaintiffs' Equal Protection Claim as a Matter of Law**

8.     Plaintiffs have obtained documentation which indicates that Geisinger and its affiliates have received in excess of $120,000,000 of COVID-19 relief money from the federal and/or state governments during the pandemic.  Plaintiffs believe,

and therefore aver, that the Defendants received larger amounts of funds from the federal and state governments than other similarly situated hospitals and medical providers.  Plaintiffs will begin the process of discovery to determine how the Defendants were paid these funds and what requirements or prerequisites were necessary in order to obtain the amount of funds they have received as opposed to other similarly situated hospitals and medical providers.

9.     Plaintiffs believe, and therefore aver, that Geisinger and its Defendants may have acted in concert with state and/or federal officials with regards to the implementation of the vaccine mandate and their response to the requests for religious exemptions.  Plaintiffs also believe that discovery will establish a sufficient nexus between the Defendants and state or local government.

## IV.   Plaintiffs Have Already Established a Prima Facie Case for Religious Discrimination or Failure to Accommodate Based on Religion as a Matter of Law

10.     See the affidavits of several of the Plaintiffs with regards to religious exemptions to the EUA approved only vaccines and the PCR and/or Antigen tests attached hereto as **Composite Exhibit A**.

11.     Please also see copies of the Pennsylvania Human Relations complaints with the religious exemption requests from 24 of 106 Plaintiffs that have now been discharged as a result of the Defendants policies related to the EUA approved only vaccines attached hereto as **Composite Exhibit B**.

12.     These affidavits and complaints can be considered by the Court in its review of the Defendants' Motion for Summary Judgment.  These documents provide evidence of the religious exemption requests of the Plaintiffs that have now been discharged.

13.     The Defendants have already stated in their documentation that was submitted with the Plaintiffs' Complaint that they only required the testing twice weekly of the individuals who requested a religious or medical exemption from the EUA approved only vaccines.

14.     Defendants, by their own admission, have stated that they were discriminating against those individuals that requested religious and medical exemptions by requesting them to test twice weekly.

15.     Plaintiffs state that a material fact in this case will be the fact that the PCR tests and/or Antigen tests do not work to determine whether an individual has the SARS-CoV-2 virus.

16.     Plaintiffs plan to obtain discovery that they believe, and therefore aver, will show that Geisinger knew, or reasonably should have known, that the PCR tests and/or Antigen tests were not effective to determine whether an individual was suffering from the SARS-CoV-2 virus at the time they required testing twice weekly in response to the Plaintiffs' religious exemptions requests.  Therefore, the Plaintiffs believe and therefore aver that the Defendants were simply requiring testing twice

weekly as a punishment to those individuals who refused to receive one of the EUA approved only vaccines based upon their request for religious exemption.

## V. Plaintiffs Dispute That Providing an Exemption to Test Presents an Undue Hardship to Geisinger as a Matter of Law

17.    Prior to the implementation of the Defendants' vaccine mandate in August 2021, Geisinger had already established protocols to avoid the spread of COVID-19 at its facilities.  Those protocols included answering questions online prior to coming into work.  The policies also required the use of PPE in order to avoid the spread of COVID-19 among patients, staff, and visitors.

18.    There was no directive from the federal or state government in August 2021 that required the Defendants to implement their vaccine mandate.

19.    Plaintiffs will provide medical expert testimony to establish the fact that the vaccine mandate did not serve to protect the patient, staff, and visitors of Geisinger Medical Center and/or its affiliates.

20.    Plaintiffs will also obtain a medical expert to establish the fact that PCR tests are not effective in separating the SARS-CoV-2 virus from the influenza. Therefore, the tests cannot be effective in determining whether an individual is suffering from SARS-CoV-2 or COVID-19.

21.    Plaintiffs also intend to provide medical expert testimony that the Antigen tests are not effective in separating SARS-CoV-2 virus from the influenza.

22.    Plaintiffs intend to obtain discovery from the Defendants which they believe, and therefore aver, will show that the Defendants knew, or reasonably should have known, that the PCR tests and/or Antigen tests were not effective in determining  whether an individual is suffering from SARS-CoV-2 virus as opposed to influenza at the time they implemented the vaccine mandate.  In the alternative, Plaintiffs believe, and therefore aver, that the discovery will show that the Defendants knew, or reasonably should have known, that the PCR tests and/or Antigen tests are not effective in determining whether someone is suffering from SARS-CoV-2 versus influenza at the time they granted conditional approval to each of the Plaintiffs in this case.

23.    Plaintiffs dispute that Geisinger relied on the advice of the CDC and EEOC.

24.    Plaintiffs dispute that research proved that failure to test and vaccinate individuals risks increased infection rates and permitted the highest source of infections – unvaccinated individuals – to go on unabated.  In fact, the current science shows that most of the individuals who are infected with COVID-19 are vaccinated individuals.  This is a material fact in the case as it relates to the motivation for the Defendants' implementation of the conditional approval to the Plaintiffs' request for religious exemption to the EUA approved only vaccines.  Plaintiffs dispute the material fact that reported results from testing have been

significantly effective in identifying COVID-19 infection and likely preventing the spread of such infection.  Plaintiffs will provide medical expert testimony at the time of trial that will prove the exact opposite of this statement is true.

## VI.   **Plaintiffs Have Failed to Exhaust Their Administrative Remedies**

17.    See attached **Composite Exhibit B** Plaintiffs' PHRC and EEOC forms along with their religious exemption requests.  Please also see Plaintiffs' attached **Composite Exhibit A** affidavits as part of the review of the Defendants' Motion for Summary Judgment.


Dated: January 7, 2022                     **STAPP LAW, LLC**

By: */s/ Gregory A. Stapp*
        Gregory A. Stapp, Esquire
        Attorney No. 78247
        153 West Fourth Street, Suite 6
        Williamsport, PA 17701
        Tel. (570) 326-1077
        Email: gstapp@stapplaw.net
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2022, I electronically filed the foregoing **Plaintiffs' Statement of Disputed Material Facts** with the Clerk of Court by using the CM/ECF filing system which will send notification of electronic copy to the following:

> Anthony (T.J.) Andrisano, Esquire
> Jill M. Lashay, Esquire
> Jared L. Pickell, Esquire
> Jacob J. Sulzer, Esquire
> Buchanan Ingersoll & Rooney, PC
> 409 North Second Street, Suite 500
> Harrisburg, PA 17101
> Email: Anthony.andrisano@bipc.com
> Email: Jill.lashay@bipc.com
> Email: Jared.pickell@bipc.com
> Email: Jacob.sulzer@bipc.com
> *Counsel for Defendants*

> /s/ Gregory A. Stapp
> Gregory A. Stapp, Esquire
> *Counsel for Plaintiffs*