IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE FEDEROFF, *et al.*, | No. 4:21-CV-01903 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GEISINGER CLINIC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**MAY 10, 2022**

On December 3, 2021, just over a week after this Court denied the Geisinger Employees' motion for a preliminary injunction to halt the implementation of the Health System's vaccinate-or-test program, Geisinger moved for summary judgment under Federal Rule of Civil Procedure 56.[1] This summary judgment motion, unlike most in federal court, was not preceded by a Rule 12(b) motion, an answer, or even discovery.

But typicality and permissibility are not one in the same. Rule 56 provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the

---

[1] *See* Doc. 26.

close of all discovery." So "[n]othing precludes either party from moving for summary judgment before the defendant answers the complaint."[2]

Yet while parties are permitted to file Rule 56 motions in the early stages of litigation, the decision to entertain them remains in the sound discretion of the District Court.[3] And this Court believes that Geisinger's motion is currently premature. Geisinger has identified numerous flaws in the Employees' case. But these shortcomings are best addressed in a 12(b)(6) motion—after the Employees have had an opportunity to amend and without the complications posed by an undeveloped factual record.

**AND NOW IT IS HEREBY ORDERED** that the Defendants' motion for summary judgment (Doc. 26) is **DENIED**, without prejudice.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[2] Rule 56. Summary Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2021).

[3] *Ferreiras v. York County, Pennsylvania*, 2006 WL 1967365, at *2 (M.D. Pa. July 12, 2006) (McClure, J.) ("the district court is empowered with discretion to decide whether the movant's motion [for summary judgment] is ripe"); *see also* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2718 (4th ed.) ("Nonetheless, even though the rule itself does not specify a time before which a summary-judgment motion cannot be made by a defending party, there may be circumstances in which a very early motion may be deemed premature because the issues need further development. Thus, as is true for motions by claimants, it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later time and the court may grant a renewed motion upon a showing of good cause.").