# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE FEDEROFF, *et al.*, | No. 4:21-CV-01903 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GEISINGER CLINIC, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### SEPTEMBER 16, 2024

In July 2022, Plaintiffs filed a third amended complaint alleging that Plaintiffs' employer (collectively "Defendants") had engaged in religious discrimination, violated the Equal Protection Clause of the United States Constitution, failed to provide reasonable accommodations, intentionally and negligently inflicted emotional distress, and violated their procedural due process rights by requiring that its employees either obtain COVID-19 vaccines or submit to testing for COVID-19 infections.[1]

Defendants thereafter filed a motion to dismiss, which this Court granted, dismissing the claims with prejudice.[2] In addressing Plaintiffs' religious discrimination claims, this Court found that statements related to Plaintiff Christine

---

[1] Doc. 44.
[2] Docs. 47, 58, 59.

Finkbeiner's "God given right" to make her own choice about medical treatment was an isolated moral teaching related to medical beliefs, rather than a genuine religious belief.[3] As to Plaintiffs' constitutional claims, the Court found that there were no allegations that would establish Defendants had performed a function that had traditionally been one of the state, nor were there allegations that Defendants acted in concert with federal officials.[4] Finally, with respect to Plaintiffs' state law tort claims, the Court found no allegations of physical harm, of extreme and outrageous conduct on Defendants' part, or of negligence and, absent such allegations, claims of negligent and intentional infliction of emotional distress failed.[5]

Plaintiffs appealed the Court's ruling to the United States Court of Appeals for the Third Circuit.[6] On appeal the Third Circuit determined that this Court "analyzed and dismissed only Finkbeiner's claims in the Third Amended Complaint" as the Memorandum Opinion focused on her claims and was "silent on the claims of all other Geisinger employees."[7] And, because none of the other plaintiffs were parties to the third amended complaint, the Third Circuit determined that this Court had not adjudicated their claims.[8] Because the claims of the remaining

---

[3] Doc. 58 at 8; *see id.* at 6-9
[4] *Id.* at 9-13.
[5] *Id.* at 13-16.
[6] Doc. 60.
[7] Doc. 63-2 at 4.
[8] *Id.* at 5.

plaintiffs were still live, the Third Circuit concluded that it did not have jurisdiction over the appeal and dismissed it.[9]

Based upon the Third Circuit's opinion, it is evident that clarification of this Court's prior Memorandum Opinion and Order is necessary.

Federal Rule of Civil Procedure 60(a) provides that a court may, *sua sponte*, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." As the Third Circuit has explained, that Rule "encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment."[10] The Rule "is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it."[11] Stated differently, if "cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available," and it "is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)."[12]

Here, such omissions were made in the Court's Memorandum Opinion and Order granting Defendants' motion to dismiss. That Memorandum Opinion

---

[9]   *Id.*
[10]  *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005).
[11]  *Id.* at 130 (internal quotation marks omitted).
[12]  *Id.* (internal quotation marks omitted).

3

frequently referred only to Finkbeiner for two primary reasons—she was the named plaintiff in the matter, and it was her statement that formed the core facts in support of any claims. However, the Memorandum Opinion and Order was intended to address all claims presented by all Plaintiffs, since the pleadings all suffered from the same fatal defects.

As noted above, Finkbeiner's religious discrimination claims were dismissed because the third amended complaint made clear that the reason she provided for refusing a vaccination or COVID-19 test constituted an isolated moral teaching related to medical beliefs, rather than a genuine religious belief.[13] So too did the allegations in the second amended complaint related to all other Plaintiffs: COVID-19 tests had not been clinically validated, were purportedly toxic, and were not effective.[14] And the second amended complaint provided even less basis to conclude that Plaintiffs held a sincere religious belief, alleging in conclusory fashion only that Defendants' policy "was in conflict with their sincerely held religious beliefs."[15] The legal and factual analysis was the same for those claims as for Finkbeiner's, and the Court's ruling intended to address all Plaintiffs' religious discrimination claims.

Likewise, all Plaintiffs' constitutional claims failed as a matter of law for the same reason. None of the allegations in any complaint offered by Plaintiffs

---

[13] Doc. 58 at 6-9.
[14] Doc. 14 at 21-33.
[15] *Id.* at 32.

sufficiently alleged that Defendants were state or federal actors.[16] The analysis for these claims is identical as to every Plaintiff because Defendants remained the same, and there were no additional allegations contained in the second amended complaint that would warrant different legal treatment of Defendants as compared to the allegations in the third amended complaint.[17] So too with Plaintiffs' state law claims, where no allegations would require a different analysis for the plaintiffs other than Finkbeiner.

This Court therefore clarifies that the analysis provided for all constitutional and state law claims was intended to apply to all Plaintiffs, not only Finkbeiner.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 60(a), this Court **CORRECTS** its prior Memorandum Opinion and Order (Docs. 58, 59) to clarify that these documents apply to all claims of all Plaintiffs; and

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[16] *See* Docs. 1, 10, 14, 44.
[17] *Compare* Doc. 14 *with* Doc. 44.